UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 6 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DAVID EARL WATTLETON, )
)
Petitioner, )
)
v. ) Civil Action No. 13 0587
)
CHARLES E. SAMUELS, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

Petitioner asserts an entitlement to "needed medical treatment for a mental disorder which has been diagnosed by health care providers," and he alleges "that a combination of inappropriate hospital culture [at the Federal Medical Center in Rochester, Minnesota], the denial of access to the courts, and hostile hospital conditions prevents him from obtaining appropriate psychological/psychiatric care and treatment consistent with statutory and constitutional standards." Pet. at 1-2 (page numbers designated by the Court). He demands "a transfer to another institution that is not affiliated with or controlled by" the Federal Bureau of Prisons. *Id.* at 3.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner fails to meet his burden, particularly because he fails to demonstrate the absence of any other available remedy. Petitioner has been found not guilty of federal crimes by reason of insanity, *see United States v. Wattleton*, 296 F.3d 1184, 1187 (11th Cir. 2002) ("The defendant David Earl Wattleton was indicted for making bomb threats, in violation of 18 U.S.C. § 844(e), and the jury rendered an insanity verdict. At a post-verdict hearing pursuant to 18 U.S.C. § 4243(d), the district court determined that Wattleton was not eligible for release."), and the court which ordered his commitment "at any time may . . . modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment." 18 U.S.C. § 4243(f).

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: Apr. 15, 2013

United States District Judge
J. Bohnberg